IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE DARAGHMA, et al., | ) | CASE NO. 1:15CV1971 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. CITIZENSHIP AND | ) | AMENDED MEMORANDUM OPINION |
| IMMIGRATION SERVICES, et al. | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*** The Court hereby issues an amended Memorandum Opinion pursuant to Rule 59(e) and 60(a) of the Federal Rules of Civil Procedure. ***

This matter is before the Court upon a Motion for Summary Judgment filed by Plaintiffs, Michelle and Rami Daraghma ("Plaintiffs"). (ECF #30). Defendants, U.S. Citizenship and Immigration Services, ("USCIS"); Leon Rodriquez, Director, USCIS; Mark Hansen, District Director, USCIS; Jeh Johnson, Secretary of Homeland Security; Loretta Lynch, Attorney General of the United States; and Steven Dettlebach, United States Attorney for the Northern District of Ohio, ("Defendants"), filed a joint Memorandum in Opposition (ECF #32), and Plaintiffs filed a Reply Brief (ECF #33). The issues have been fully briefed and are ripe for review.

For the reasons set forth below, Plaintiffs' Motion for Summary Judgment is DENIED, and judgment is entered in favor of Defendants as a matter of law.

I. **Factual and Procedural Background**[1]

---

[1] The facts are taken from the administrative record filed with this Court at ECF #13 and ECF #20. The record is voluminous and this opinion will refer to the "Page ID#" to identify documents. It may also reference undisputed facts set forth in the parties' briefs.

Plaintiff, Mr. Daraghma, was born in Palestine and entered the United States on a nonimmigrant visa in 2005. When applying for this visa in 2004, Mr. Daraghma stated that he was married to Nasreen Mohamad Khaled Daraghma ("Nasreen"). In 2007, Mr. Daraghma married Plaintiff, Michelle Daraghma, a United States citizen. Marriage documents issued by the State of Ohio and submitted by Plaintiffs to the United States Citizenship and Immigration Services ("USCIS") stated that each Plaintiff had been married once before. (ECF #13, PageID #458)

On May 7, 2008, Michelle Daraghma filed a Form I-130, Petition for Alien Relative ("I-130"), in order to gain "immediate relative status" for Mr. Daraghma, which would then allow him to pursue an immigrant visa. *See* 8 U.S.C. §§ 1151(b) and 1154(a)(1)(A)(I). The I-130 form stated that Mr. Daraghma had been previously married to Nasreen, but that they were divorced in 2005. (*Id.* at #613). Plaintiffs also submitted a divorce decree, purportedly issued by the Shariaa Court in Palestine, as evidence of Mr. Daraghma's 2005 divorce from Nasreen. (*Id.* at #608-610) Also on May 7, 2008, Mr. Daraghma filed a Form I-485 Application to Register Permanent Residence or Adjust Status, which also indicated that he had previously married and divorced Nasreen.[2]

The USCIS reviewed the documentation provided with Plaintiffs' I-130 and conducted an interview of both Plaintiffs in December 2008. While under oath, Mr. Daraghma again stated that he had been married to Nasreen and that he divorced her in 2005. The USCIS also reviewed evidence submitted to show that Rami and Michelle Daraghma entered into a bona fide marriage for immigration purposes, including a lease and interviews with the Plaintiffs and other witnesses. The USCIS originally found that Michelle Daraghma had not provided sufficient evidence to demonstrate that she and Mr. Daraghma shared a residence or otherwise co-mingled their lives or their finances in a significant, meaningful way. It also found that the evidence of Mr. Daraghma's

---

[2] Obtaining "immediate relative status" is a prerequisite to eligibility for adjustment of status under 8 U.S.C. §1255(a).

alleged prior divorce was not sufficient to establish that he was legally free to enter into the marriage with Michelle. (ECF #13 PageID 326). During the course of the administrative proceedings, the USCIS sent Plaintiffs at least two separate Notices of Intent to Deny, ("NOIDs"), each time providing Plaintiffs 30 days to submit additional documentation to address inconsistencies between the Plaintiffs' statements and the evidence provided. Plaintiffs responded at first by again providing the 2005 divorce decree with a new, certified English translation, and other new documentation purporting to show that Mr. Daraghma was divorced from Nasreen. They also emphasized their shared children as evidence of a meaningful marriage.

The USCIS reviewed and investigated the evidence provided by the Plaintiffs. Their investigation revealed that the divorce documents submitted were fraudulent. (*Id.* at #236-238). Upon hearing of the USCIS's discovery, Mr. Daraghma filed an I-601 Application for Waiver on the Ground of Inadmissibility ("I-601"), asking the USCIS to waive fraudulent statements or documents so as not to adversely affect the immigration process. Along with this I-160 form, filed June 4, 2010, Plaintiffs each filed Affidavits indicating for the first time that Mr. Daraghma was never married to Nasreen, and admitting that they provided false evidence and testimony to the USCIS. (*Id.* at #208). Mr. Daraghma also provided a "Deed of Celibacy" executed by Mr. Daraghma's father, dated March 21, 2006, purporting to show that Mr. Daraghma was single at that time, and "intended to marry a Muslim girl." (*Id.* at #82).

On February 14, 2013, the USCIS denied Michelle Daraghma's I-130. (*Id.* at #186). The USCIS report indicated several remaining discrepancies with the evidence presented, and found that the Plaintiffs "did not provide sufficient evidence to demonstrate that [Plaintiffs] truly share a residence, commingle your assets and otherwise lead shared lives together in a significant, meaningful way." (*Id.* at #188). This report also indicated that Plaintiffs "failed to prove to USCIS that [Mr. Daraghma] was indeed single and free to marry when the marriage [Michelle Daraghma] took place." They cited, among other things, a lack of authenticated photographs during the

relevant time; lack of witnesses to the wedding; lack of shared auto insurance during the relevant time period; lack of detail in supporting witnesses' affidavits; discrepancies between the Plaintiffs' testimony and the terms of their lease and landlord's testimony, resulting in a lack of credible evidence of co-habitation; the submission of false documents to prove Mr. Daraghma's alleged divorce from Nasreen; the admission that both applicants lied in previous interviews and submitted false documentation in support of their application, and the fact that the Deed of Celibacy was not persuasive because it was based merely on a sworn statement by Mr. Daraghma's father and contradicted the original statements of both Rami and Michelle Daraghma. *(Id* at 188-189). Shortly thereafter, the USCIS denied Mr. Daraghma's I-485 application because it could not adjust his status once the I-130 was denied. The USCIS also denied Mr. Daraghma's I-601. (ECF #19, PageID #699-701).

Plaintiffs appealed the denial of the I-130 to the Board of Immigration Appeals ("BIA").[3] The BIA reviewed the evidence at issue *de novo*,[4] and on August 24, 2015, adopted and affirmed the decision denying the I-130. (ECF #13, PageID #81-83). The BIA indicated that Michelle Daraghma "has not met her burden to demonstrate that [Mr. Daraghma] was free to marry her on April 19, 2007, and that the marriage was bona fide." (*Id*. at 83). More specifically, the BIA found that Michelle Daraghma provided "contradictory, inconsistent or misrepresented information" and that she did not "adequately explain the inconsistencies between the prior statements given by herself and [Mr. Daraghma] and their most recent affidavits concerning [Mr. Daraghma's] prior marriage, and she did not sufficiently establish that [Mr. Daraghma] was free to marry her." (*Id*. at 81-82).

---

[3]     Plaintiffs also appealed the denial of the I-601 under a separate filing. That appeal was dismissed by the appeals office of the USCIS when Plaintiffs filed their Complaint with this Court. (PageID #702-704).

[4]     *See* 8 C.F.R. § 1003.1(d)(3)(iii).

On February 5, 2016, Plaintiffs filed their Amended Complaint for Mandamus and Declaratory Relief, asking this Court to approve Michelle Daraghma's I-130 Petition, approve Mr. Daraghma's I-601 waiver and to direct the USCIS to adjudicate Mr. Daraghma's I-485 Application. (*See* ECF #15). Plaintiffs filed this action under the Administrative Procedures Act, 5 U.S.C. § 702, et seq. ("APA"), the Mandamus Act, 28 U.S.C. §1361 and federal question jurisdiction, 28 U.S.C. §1331.

During the Status Conference of September 19, 2016, the parties agreed that this Court does not possess jurisdiction to review the I-601 denial, as 8 U.S.C. § 1182(i)(2) provides that "no court shall have jurisdiction to review a decision or action ... regarding a waiver [under this section]." *See also Jama v. U.S. Citizenship and Immigration Services*, 962 F.Supp.2d 939 (N.D.Ohio 2013). Further, during this Status Conference, Plaintiffs' counsel agreed that a Mandamus action was not appropriate in this case and that the Court's jurisdiction over this matter was limited to appellate review under the APA. *See* ECF #36. Therefore, the sole issue before this Court is whether the denial of the I-130 was unlawful under the APA.

**II.    Legal Standards**

    A.    <u>Summary Judgment Standard of Review</u>

Plaintiffs bring this action under Federal Rule of Civil Procedure 56. However, the Sixth Circuit has noted that the summary judgment standard may not be appropriate when it comes to judicial review of an agency's actions under the APA. *See Alexander v. Merit Sys. Protection Bd.*, 165 F.3d 474, 480-481 (6th Cir. 1999). This is because a motion for summary judgment "invites improper consideration of evidence outside the administrative record." *(Id.* at 480). However, summary judgment is appropriate when it "serves as the mechanism for deciding, as a matter of law, whether an agency action is supported by the administrative record and is otherwise consistent with the APA standard of review." *Singh v. Johnson*, 2016 WL 3476701 (E.D.Mich. June 27, 2016), at *3 (*citation omitted*). The parties have both requested summary judgment in

B.     Standard of Review under the APA

District courts have jurisdiction to review a decision on the merits of an I-130 petition to classify an alien as a relative of a United States citizen. *Adi v. U.S.*, 498 Fed.App'x. 478, 480 (6th Cir. 2012)(citations omitted). Pursuant to the APA, courts shall "hold unlawful and set aside agency action, findings, and conclusions found to arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An agency decision is arbitrary and capricious if the agency fails to examine the relevant evidence or articulate a satisfactory explanation for the decision. *See Bangura v. Hansen*, 434 F.3d 487, 502 (6th Cir. 2006).

This standard of review is narrow and deferential, and courts "should accept the agency's factual findings if those findings are supported by substantial evidence on the record as a whole." *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992). Therefore, a court must not substitute its judgment for that of the agency and it cannot reweigh the evidence if the agency's conclusion was reasonable. *See* 5 U.S.C.A. §706(2)(a); *Adi v. United States*, No. 1:10CV502, 2011 WL 9613, at *5 (N.D.Ohio Jan. 3, 2011)(*aff'd Adi v. U.S.*, 498 Fed.Appx. 478 (6th Cir. 2012)). Instead, the evidence "must compel a different decision to be arbitrary and capricious." *(Id.)(citation omitted)*.

III.    **Analysis**

Plaintiffs ask this Court to find the BIA report arbitrary and capricious for several reasons, none of which are persuasive. First, Plaintiffs claim that the BIA did "not have a single independent fact in the record to support their decision" to deny the I-130. (*See* ECF #33, p.4). That is simply not the case. There is substantial evidence outlined in the I-130 denial indicating the factual discrepancies that support the denial of the petition.[5] As already outlined herein, Plaintiffs

---

[5]     See PageID #186.

were asked on several occasions to provide supplemental, more specific evidence to support the I-130 request, yet Plaintiffs repeatedly provided false, inconsistent and/or insufficient evidence.

The facts as reviewed by the BIA are as follows: Mr. Daraghma claimed to be married to Nasreen (a person he now claims is fictitious) in order to expedite his visa to enter the United States. Mr. Daraghma then presented fraudulent documents and false sworn testimony on at least five separate occasions to the USCIS in order to "prove" a fictitious divorce in order to validate his marriage to Michelle Daraghma, a United States citizen. The USCIS found that Plaintiffs did not prove that Mr. Daraghma was free to marry and that they did not provide sufficient evidence to prove that Plaintiffs are living together as a married couple.

On appeal, the BIA indicated it had considered all of the evidence, including the fact that Plaintiffs have children together. However, the BIA concluded, after its *de novo* review of the evidence, that Plaintiff-Michelle did not meet "her burden to demonstrate that [Mr. Daraghma] was free to marry her on April 19, 2007, and that the marriage was bona fide." (ECF #13, PageID #83).

In this Circuit, factual findings are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir.2011)(*quoting* 8 U.S.C. §1252(b)(4). This Court finds that the factual evidence gathered and reviewed by the USCIS, and then reviewed *de novo* by the BIA, constitutes substantial evidence to support the denial of Plaintiff-Michelle's I-130 petition. It is impossible to verify, based upon the information submitted, whether Mr. Daraghma was ever previously married and if so, whether he was ever legally divorced.

Plaintiffs suggest that the recent case of *Matter of Christo's*[6] somehow supports Plaintiffs argument that "a claim to have entered into a false marriage does not result in the denial of every

---

[6] 26 I&N Dec. 537, 2015 WL 1632651 (USCIS AAO 2015).

immigration benefit by invoking the marriage fraud bar in Section 204(c) of the Immigration Act."[7] As the BIA decision noted, the *Christo's* case is distinguishable - that case found that an alien who submits false documents relating to a fictitious marriage, and then "credibly establishes that the marriage never occurred," is not considered to have entered into or attempted to enter into a marriage under §204(c). (*Id.*). That is not what happened with Plaintiffs. It was not necessary to invoke the marriage fraud bar in this case in order to come to the conclusion reached - as the BIA never found that there was substantial credible evidence to show that the marriage never occurred. In this case, the evidence, submitted by Plaintiffs could not credibly establish one way or the other, whether Mr. Daraghma was legally free to marry Michelle at the time they were married. The Plaintiffs testimony on the issue was contradictory and there was no indicia of reliability in the Deed of Celibacy provided by Mr. Daraghma's father.

Plaintiffs attempt to argue that the USCIS did not sufficiently investigate the false evidence provided by Plaintiffs, therefore making the BIA decision arbitrary and capricious. However, the law governing I-130 petitions makes it clear that the burden of proof is upon the petitioner, here Michelle Daraghma, to establish by a preponderance of the evidence that the parties are free to marry.[8] The BIA reviewed the evidence submitted by Plaintiffs, and did, in fact, investigate the authenticity and veracity of that evidence. After doing so, it found that insufficient credible evidence existed to show that Plaintiffs were entitled to the benefits of Section 201(b) of the Immigration and Nationality Act. Therefore, the BIA's decision denying Michelle Daraghma's

---

[7] *See* ECF #33, p.5.

[8] *See Dial v. Holder*, 2013 WL 607836 (E.D.Mich. Feb. 19, 2013), at 4 (*citing Matter of Martinez*, 21 I&N Dec. 1035 (BIA 1997); *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966)); *Velez-Duenas v. Swacina*, 875 F.Supp.2d 1372, 1378 (S.D. Fla. 2012). Any previous discussion of a "clear and convincing" burden of proof in ECF #37 was due to clerical error and was not considered in the legal analysis of this matter, and therefore, this correction is proper under Fed. R. Civ. Pro. 60(a). *See, e.g., In re Walter*, 282 F.3d 434 (6th Cir. 2002).

I-130 petition is supported by substantial evidence and is neither arbitrary nor capricious.[9]

## IV.     Conclusion

Based upon this Court's review of the administrative record and the decisions rendered below, adhering to the standard of review under the APA, the BIA decision of August 24, 2015 is AFFIRMED. Defendants' Motion to Alter/Amend Judgment (ECF #38) is GRANTED. This case is hereby dismissed.

IT IS SO ORDERED.

*[signature]*
Donald C. Nugent
United States District Judge

Date: January 10, 2017

---

[9]     See, e.g., Haddad v. Secretary, U.S. Dept. of Homeland Sec., et al., 610 Fed.Appx. 567 (6th Cir. 2015).